FELIX McNAIR, plaintiff in error, vs. BATEMAN & TALTON, defendants in error,

An execution issued from the Circuit Court of the United States for the Districts of Georgia, the lien of which is not extinguished, can claim money in the State Courts.

Certiorari, in Houston Superior Court. Decision by Judge LAMAR, at chambers, July, 1858.

The Sheriff of Houston county, under two mortgage *fi. fas.* issued at the suit of Felix McNair, against Alexander Lee, levied on and sold a negro man named George, mentioned and contained in the mortgages. He refused to pay over the proceeds of sale to the plaintiff in the mortgage *fi. fas.*, under a notice from Mr. Pringle, that the proceeds were claimed by Bateman & Talton, assignees of an older execution issued from the Circuit Court of the United States, for the Southern district of Georgia.

The case was heard upon a rule against the Sheriff at the instance of McNair, the plaintiff in the mortgage *fi. fas.*

The execution upon which Bateman & Talton relied was an *alias*, issued from the Circuit Court of the United States, dated 14th November, 1857. The original or first *fi. fa.*

which had been lost, was dated 13th April, 1853, in favor of one David McDaniel, against Alexander Lee, and Henry Barton security, assigned to Bateman & Talton, 17th May, 1853.

The mortgages under which the *fi. fas.* issued were executed by Lee to McNair, one dated 14th July, 1854, and *fi. fa.* dated 13th June, 1856. The other dated 22d July, 1857, and the *fi. fa.* thereon dated same day. Both mortgages contained the negro George, who was levied upon by the Sheriff under the mortgage *fi. fas.*, and sold for $1,500.

The Inferior Court held that the plaintiff in the mortgage *fi. fas.* was entitled to the proceeds of the sale of the negro, and ordered the rule to be made absolute against the Sheriff.

To this ruling, counsel for Bateman & Talton excepted, and sued out a certiorari to the Superior Court.

The presiding Judge of the Superior Court, after argument, decided that the assignees of the execution issued from the Circuit Court of the United States, were entitled to the money, and reversed the judgment of the Inferior Court.

Whereupon counsel for plaintiff in the mortgage *fi. fas.* excepted.

KILLEN; and GILES, for plaintiff in error.

PRINGLE, *contra.*

*By the Court.*—McDONALD J. delivering the opinion.

It is insisted, that, because the property was first levied on under the execution issued on the foreclosure of the mortgage, by the Sheriff or Coroner, it was not subject to levy under the execution issued from the Circuit Court of the United States. That is conceded, but it does not follow, that under our State law, that execution loses its priority. The priority of these judgments must depend on our State law

and the construction given to it.   By our law the priority of judgments must be determined by their dates.   If they are of the *same* date, they are co-ordinate liens; if of different dates, they differ in degree and are not co-ordinate.   In States where the lien of a judgment or execution, without reference to date, commences from the delivery of the writ of execution to the Sheriff, judgments and executions are co-ordinate liens, if you can call them liens, and it is at the option of the party to give them effect or not as a lien.   If the lien of a judgment, whether it be the judgment of a State or Federal Court, depends on the State laws, then all judgments, State or Federal, obtained in this State, bind the property of the defendant from their dates respectively.   It is said that the judgment of a Federal Court loses its lien, if an execution be not issued and returned within a year, and that in this case, the execution was not returned within the year.   The judgment, it is insisted, must be revived before it, or the execution issued thereon, can have any effect.   Such would have been the case, if no execution had been issued until after the year and the day.   But that is not the case.   The *fieri facias* was issued in time, but it was not executed.   In such case, the judgment is not at all affected.   It stands, and the plaintiff may have another execution, on returning and filing the first *fieri facias*, without notice by *scire facias* or otherwise to defendant.   The lien of the Circuit Court, judgment and execution, was good and subsisting, whether tested by the common law rule or our State law.   Shall this Court regard that judgment, if of older date than the State judgments and mortgages, as entitled to the money, or shall it exclude it, on the ground, that it is the judgment of a Court of Federal jurisdiction, and cannot be recognized in the State Court. It is a lien, and being the oldest judgment, it is the oldest lien on the property of the defendant.   If the decision of the Supreme Court of the United States be correct, (unless there be something in the legislation of Congress or the State, or both, to prevent it,) it being a prior lien, it "gives a prior

McNair vs. Bateman and Talton.

claim, which is entitled to prior satisfaction out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a Court of law or equity to a subsequent claimant. The single circumstance of not proceeding on it, until a subsequent lien has been attained and carried into execution, has never been considered such an act." *Rankin vs. Scott*, 12 *Wheat.* 179. If the principle of this decision be not controlled by subsequent legislation, and the proceeds of the sale of the property be not applied to it, the lien remains, and the property may be seized and sold under a subsequent lien. Purchasers at legal or judicial sales are exposed to unjustifiable losses by the enforcement of secret liens. To prevent this evil, the Act of 1810 was passed. *Cobb* 496. By that Act, judgments obtained in any of the Courts in this State, are entitled to claim money raised on the sale of the defendant's property under judgments of younger date, provided the claim is made before the money is paid over to the plaintiff in the execution which raised it. This Act has been construed as imperatively requiring parties holding older judgments to interpose them to claim the proceeds of the sale of property, when sold under a junior judgment. It has always been held since that Act, in consequence of the right of older judgments to claim the proceeds of sale, that the purchaser takes a title to the property sold divested of the older judgment liens. But it must not be held that if an older judgment cannot or shall not be interposed to claim the money, it shall lose the lien. If a judgment of the Circuit Court cannot be allowed to claim money in a State Court under the Act, shall it lose its lien on the property, when it is only on the ground of the right to claim, that the lien of the judgment of a State Court is lost?

We think that we are but adhering to the proper construction of the Act of the Legislature, and of its true policy, when we affirm the judgment of the Court below. The purchaser will get a title not subject to disturbance, and judgment credi-

tors, State and Federal, will be placed on an equal footing in regard to their liens.

Judgment affirmed.